ON APPLICATION FOR READMISSION
PER CURIAM.
This proceeding arises out of an application for readmission to the practice of law filed by petitioner, Larry S. Bankston.
On March 8, 2002, this court disbarred petitioner retroactive to the date of his interim suspension on November 19, 1997. In re: Bankston, 01-2780 (La.3/8/02), 810 So.2d 1113. The underlying disciplinary matter arose from petitioner’s federal criminal conviction of two counts of violating 18 U.S.C. § 1952. Essentially, while serving as a state senator, petitioner re- *792 eeived a bribe in the form of a “sham” rental payment — purportedly for use of his Gulf Shores condominium — from a person seeking protection of his video poker interests. Five years after the effective date of his disbarment, petitioner filed an application for readmission to the practice of law, asserting that he has complied with the readmission criteria set forth in Supreme Court Rule XIX, § 24(E). The Office of Disciplinary Counsel initially indicated that it would take no position concerning petitioner’s readmission, and accordingly, the matter was referred for a formal hearing before a hearing committee.
After considering the evidence presented, the hearing committee recommended that petitioner be readmitted to the practice of law. The disciplinary board adopted the hearing committee’s findings and likewise recommended that petitioner be readmitted to the practice of law.
| ?,After considering the record in its entirety, we conclude petitioner has met the criteria for readmission set forth in Supreme Court Rule XIX, § 24(E). Accordingly, we will accept the disciplinary board’s recommendation and order that petitioner be readmitted to the practice of law in Louisiana.
DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is ordered that Larry S. Bank-ston be immediately readmitted to the practice of law in Louisiana.
VICTORY and WEIMER, JJ., would deny admission.